Fruent C. KIMES, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 16091.

United States Court of Appeals
Fifth Circuit.

Jan. 25, 1957.

Rehearing Denied March 19, 1957.

See 242 F.2d 99.

Baxter N. Knox, Jr., Hugh N. Clayton,
New Albany, Miss., for appellant.

Thomas R. Ethridge, Oxford, Miss.,
Murray L. Williams, Ass't U. S. Atty.,
Oxford, Miss., for appellee.

Before HUTCHESON, Chief Judge,
and HOLMES and BORAH, Circuit
Judges.

HOLMES, Circuit Judge.

The indictment in this case is in two counts; the first count charges that appellant, at a certain time and place, entered a bank at Ackerman, Mississippi, with the intent to commit a felony affecting said bank; the second count charges that by force and violence, and by putting in jeopardy the life of a certain man by pointing at him a deadly weapon, towit a pistol, the appellant did take from him or from his presence a large sum of money, towit $52,748.13, belonging to or in the custody of said bank, the deposits of which were insured by the Federal Deposit Insurance Corporation; all in violation of Section 2113, Title 18, of the United States Code.

It is admitted in the appellant's brief that, upon a plea of not guilty and a trial by jury, the evidence on behalf of the Government established beyond a reasonable doubt that the Bank of Ackerman was robbed by three men on November the 28th, 1955, two of whom personally entered the bank and the third operated the get-away car.

Upon leaving the bank with the fruits of their crime, the robbers entered a waiting automobile, which had been recently stolen and which, having served its purpose, was abandoned a short distance outside of the town of Ackerman. The appellant was not apprehended until two highway patrolmen observed a practically new Lincoln automobile parked in or near a cemetery in Ponotoc, Mississippi, about 1:30 A.M., on January 15th, 1956. As they approached the car, it started off and the officers pursued it, finally reaching a speed of 110 miles an hour before they reached a road-block, which the officers had signaled for by radio.

On finding the road blocked, the Lincoln car quickly turned around and headed back in the direction from which it came. The driver of the Lincoln attempted to run over the highway officers, who had gotten out of their car and were attempting to arrest him. When first seen by the officers, the Lincoln car had an Alabama license tag on it, but when later found it had a Nebraska tag.[1] In the melee that preceded his arrest, the appellant threw away his pistol, which later was identified as being exactly similar to the 38-Colt, super-automatic, exhibited by appellant in the bank at the time of the robbery.

 The appellant complains of the brief period devoted by the jury to the deliberation upon its verdict after the introduction of the evidence was concluded. The trial of this case continued over parts of several days, during which the testimony was being introduced in the presence of the jury, and the merits of the case were being considered. The court allowed the attorneys an hour to the side to argue the case orally to the jury, which was ample. More time was not requested. There was but one issue before the jury, and that a factual one. The appellant's sole defense was an alibi. There were no exceptions to the court's charge. The Government's case had to stand or fall on the testimony of two main witnesses and the testimony with reference to the gun or pistol of which the appellant dispossessed himself at the time of his arrest on January the fifteenth. United States v. Rebhuhn, 2 Cir., 109 F.2d 512, 516, certiorari denied 310 U.S. 629, 60 S.Ct. 976, 84 L.Ed. 1399.

It was plain to the jury, as it was to the learned judge below, that the identity of the appellant as one of the robbers was the only question in the case. He voluntarily took the stand to testify in his own behalf, and on direct examination he told of his own prior convictions of the crimes of robbery, possession of burglary tools, contributing to the delinquency of a minor, and divers offenses of vagrancy and gambling, which he did not remember when or where they were committed.

It is well settled that the jury was the sole judge of the credibility of the witnesses and had the right, after due consideration, to believe or disbelieve the testimony of any witness that took the stand. It is also clear from a review of the proceedings that the basic and fundamental rights of the defendant were guarded by the trial judge with the greatest care, and that no reversible error is contained in this record. Accordingly, the judgment appealed from should be affirmed.

Affirmed.

speedometer showed over 14,000 miles on Jan. 15, 1956.

1. This car was bought by appellant on Dec. 5, 1955. It was serviced and delivered to him on Dec. 6, 1955. A 1956 model, its