**Fruent C. KIMES, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 16863.**

United States Court of Appeals Fifth Circuit.

Jan. 20, 1958.

B. N. Knox, Jr., Hugh N. Clayton, New Albany, Miss., for appellant.

Thomas R. Ethridge, U. S. Atty., Murray L. Williams, Asst. U. S. Atty., Oxford, Miss., for appellee.

Before HUTCHESON, Chief Judge, TUTTLE, Circuit Judge, and HANNAY, District Judge.

PER CURIAM.

On July 17, 1957, the appellant, who had theretofore been convicted and sentenced in the United States District Court for the Northern District of Mississippi, in cause No. 11406-Criminal,[1] filed in said cause a motion purportedly based on the decision of the Supreme Court of the United States in Jencks v. United States, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103, for an order to the government requiring the production of

all of its records and statements taken in connection with an unnamed motel, as to which the defendant had given testimony on his trial. Thereafter the motion coming on for consideration by the court, the district judge, reciting in his order:

"This case was tried to a jury more than a year ago and resulted in a verdict of guilty. It has been affirmed by the Court of Appeals for the Fifth Circuit and certiorari has been denied by the Supreme Court. No motion was made at the trial for production of Government records."

concluded:

"I can find nothing in the Jencks case which would authorize me now to order the Government to open its files to counsel so that they might explore them on the mere hope that therein they might find something on which to base a motion for a new trial."

So concluding, he denied the motion.

Giving notice of appeal from that order, appellant is here insisting that the order was erroneous and must be reversed, while the United States, vigorously opposing this contention, urges upon us that the order should be affirmed.

We are of the clear opinion that the order is not a final decision from which, under 28 U.S.C. § 1291, an appeal would lie but one purely interlocutory. Filed for the avowed purpose of discovering facts on which a motion for new trial or for some other definite relief might be later predicated, it is perfectly clear that no final action was sought, none was taken by the court. The action of the court in overruling the motion being purely interlocutory and without the finality necessary in an appealable order, the appeal is dismissed. United States v. Richardson, 5 Cir., 204 F.2d 552, at pages 555–556.

---

1. Said judgment having been affirmed in Kimes v. United States, 5 Cir., 240 F. 2d 301, and certiorari denied 354 U.S. 912, 77 S.Ct. 1299, 1 L.Ed.2d 1429.