UNITED STATES of America,
Appellee,

v.

Neal Percy BROTHERTON, Appellant.

No. 20034.

United States Court of Appeals,
Eighth Circuit.

June 24, 1970.

Thomas M. Campbell, of Martin, Baker & Campbell, Springfield, Mo., for appellant.

Charles E. French, Asst. U. S. Atty., Kansas City, Mo., for appellee; Bert. C. Hurn, U. S. Atty., Kansas City, Mo., on the brief.

Before VAN OOSTERHOUT, Chief Judge, and MEHAFFY and LAY, Circuit Judges.

MEHAFFY, Circuit Judge.

Defendant, Neal Percy Brotherton, was convicted in a jury trial of transporting in interstate commerce a motor vehicle, knowing the same to have been stolen, in violation of 18 U.S.C. § 2312. The indictment charged in a second count a violation of § 2313 for allegedly receiving and concealing the motor vehicle, which was moving in interstate commerce, knowing the same to have been stolen. At the conclusion of all of the evidence the court instructed a verdict for defendant on Count II. We affirm the judgment of the district court.

The facts in this case are quite simple. One Johnny Carey, on April 14, 1969, parked his Oldsmobile Toronado at an Allright Parking Lot in downtown Dallas, Texas and left the keys in the car so that the attendant could move it. Carey went into a nearby bank where he spent about an hour. Upon returning to the parking lot, he discovered that his automobile was gone. The theft was immediately reported to the local police and two days later an FBI agent called Carey advising that they had picked up and stored his automobile in the Oasis Garage near Hazel Green, Missouri.

On April 15, 1969, at about 8:25 a. m., Jim Colvin of the Missouri Highway Patrol became suspicious when he saw this automobile with a Texas license plate then occupied by a black man who was driving and a white man, who was the only other occupant of the car. Colvin decided to check with the National Crime Investigation Computer to ascertain whether the automobile had been stolen, but apparently the computer in Washington malfunctioned and Colvin did not receive an immediate response. Ordinarily it takes only a minute or two to obtain this information through NCIC. When the answer was not forthcoming, Colvin, after following the automobile for a couple of miles, turned off at the next exit and went to his office. Shortly thereafter Sergeant Claud Arnold of the Missouri Highway Patrol, accompanied by another officer, was on routine patrol and overheard the report about the stolen car. The report gave the license number and informed that the car had been reported stolen in Dallas and had been seen in the Springfield area, occupied by a Negro and a white man. This was about 10:30 a. m. Arnold and his partner came upon the car with a flat tire and defendant and the other occupant of the car were arrested and advised of their constitutional rights. Defendant admitted that he was in possession of the car and was taking the same from Dallas to Chicago and advised that the occupant was merely a hitchiker.

Defendant did not testify or offer any evidence in his behalf. His attorney wanted him to testify but he refused and the learned trial judge, outside of the hearing of the jury, went into this with defendant and explained his rights, etc., but defendant refused to offer any testimony in his behalf. The testimony of the three witnesses named constituted all of the evidence in the case.

Defendant on this appeal objects to the court's instructions regarding inference on the ground that they violated his Fifth Amendment rights by permitting the jury to find that he had knowledge that the motor vehicle was stolen simply by reason of his possession thereof without explanation. A similar objection was interposed on the theory that the instructions permitted the jury to find that the defendant had transported the motor vehicle in interstate commerce by reason of his possession thereof in a state other than the one in which it was stolen. The instructions complained of are stock instructions and read as follows:

> "Possession of property recently stolen, if not satisfactorily explained, is ordinarily a circumstance from which the jury may reasonably draw the inference and find in the light of surrounding circumstances in the case, that the person in possession knew the property had been stolen.

> "The possession in one state of property recently stolen in another state, if not satisfactorily explained, is ordinarily a circumstance from which the jury may reasonably draw the inference and find, in the light of surrounding circumstances shown by the evidence in the case, that the person in possession not only knew it to be stolen property but also transported it or caused it to be transported in interstate commerce.

> "It is the exclusive province of the jury to determine whether the facts and circumstances shown by the evidence in the case warrant an inference which the law permits the jury to draw from possession of recently stolen property. If any possession the accused may have had of recently stolen property is consistent with innocence, the jury should acquit the defendant."

The evidence was undisputed that the automobile was stolen in Dallas, Texas the day before defendant was apprehended in possession of it in the State of Missouri. At the time of his apprehension, defendant admitted to the arresting officer that he was taking it from Dallas to Chicago.

■ It is defendant's argument that the complained of instructions had the effect of forcing defendant to come forward and testify, thus violating his Fifth Amendment rights. Defendant has mistakenly interpreted the instructions as creating a presumption of guilt, whereas they merely permit the jury to draw an inference of guilt from the circumstances enumerated. This identical question has been ruled on adversely to defendant by this court in Harding v. United States, 337 F.2d 254 (8th Cir. 1964), where Judge Matthes, speaking for the court, said at page 257:

> "Neither did the charge have the effect of placing the burden on the defendant to prove his innocence. The jury was instructed on the presumption of innocence and that 'the government in this case has the burden of proof and to sustain this burden must prove its case with regard to the charge in the information beyond a reasonable doubt.' Contrary to appellant's contention, this burden was not shifted by the portion of the charge which only permitted, but did not require, the jury to infer from appellant's possession of the automobile that he had transported it in interstate commerce. This was a proper declaration of the law, and is not subject to the vice of the instruction that was condemned in United States v. Lefkowitz, 2 Cir., 284 F.2d 310 (1960)."

Furthermore, this court has on many occasions approved similar instructions. See Sewell v. United States, 406 F.2d 1289, 1294 (8th Cir. 1969), cases cited therein, and footnote 4 of that opinion.[1]

1. We said in Kramer v. United States, 408 F.2d 837, 839 (8th Cir. 1969):
   "We have held repeatedly that possession in one state of property recently stolen in another state, if not satisfactorily explained, is ordinarily a circumstance from which the jury may reasonably draw the inference and find

Additionally, the court fully and fairly instructed the jury on the presumption of innocence, the government's burden of proof and reasonable doubt. A reading of the instructions as a whole conclusively shows that defendant's every right was protected.

■ The only other assignment of error is the contention that defendant's rights under the Fifth and Sixth Amendments were violated and he was not given a fair trial in that the jury failed to deliberate for a time sufficient to allow a consideration of all the court's instructions before returning a verdict. In making this argument, defendant estimates that the jury was out only five to seven minutes. This was ample time to decide the simple issue involved since there was no question that the automobile was stolen the day before defendant was apprehended in possession of it, and he admitted that he was transporting it from Dallas to Chicago. Thus, there was proof positive that it was a stolen vehicle. The only thing the jury had to resolve was whether or not the circumstances surrounding this case would warrant a finding that defendant knew the motor vehicle was stolen. This was a very simple issue and the jury in all probability took only a single ballot after a brief discussion and came to a unanimous conclusion. There would be more reason to suspect something was wrong if the jury had taken an inordinate length of time in a case such as this, as in such a situation one might surmise that the individual will of one or more members might have yielded to the pressure of the other jurors. In any event, defendant admits that there is no rule of law which requires a jury to deliber-

ate for any particular period of time and cites Wall v. United States, 384 F.2d 758 (10th Cir. 1967). On page 762, the court said:

"The appellants say that the jury could not have considered the evidence, and particularly their defense, because it took but one hour of deliberations to reach a verdict in a case which had taken eight days of trial. We know of no rule which requires a jury to deliberate for any particular period of time. From our study of the record we can well understand why the jury took no longer in coming to a decision. Its verdict must stand."

In Kimes v. United States, 240 F.2d 301 (5th Cir. 1957), reh. denied, 242 F.2d 99 (5th Cir. 1957), cert. denied, 354 U.S. 912, 77 S.Ct. 1299, 1 L.Ed.2d 1429 (1957), the court said in the rehearing opinion, 242 F.2d at 100–101:

"After a fair trial before a good judge and competent jury, with all the facts undisputed except the alibi of the defendant, we find nothing suspicious, questionable, or remarkable in the action of the jury in returning its verdict of guilty after deliberating only twenty minutes."

When you consider that only three witnesses testified, the transcript of their testimony only extended through thirteen pages, and that there was no evidence to refute the government's proof, there is no way that we as a reviewing court could find error by reason of the short time consumed by the jury in its deliberation in order to make a determination of the simple fact issue.

The judgment of conviction is affirmed.

---

that the person in possession not only knew it to be stolen property, but also transported or caused it to be transport-

■

ed in interstate commerce. (Citing cases.)"