126 N.J. Super. 427 (1974)
315 A.2d 45
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
BRYANT BALLARD, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted December 3, 1973.
Decided January 31, 1974.
*428 Before Judges LYNCH, MEHLER and MICHELS.
Mr. Stanley C. Van Ness, Public Defender, attorney for appellant (Mr. Robert P. Corman, Assistant Deputy Public Defender, of counsel and on the brief).
Mr. Joseph P. Lordi, Essex County Prosecutor, attorney for respondent (Mr. Francis John Badach, Assistant Prosecutor, of counsel).
The opinion of the court was delivered by MICHELS, J.S.C., Temporarily Assigned.
Defendant appeals his conviction for armed robbery in violation of N.J.S.A. 2A:141-1 and 2A:151-5. His only ground for reversal of the conviction is that he was denied constitutional due process when the jury failed to adequately deliberate upon the elements of the offenses charged against him. The jury was out 15 minutes which, defendant claims, was too short a time to deliberate adequately. We completely disagree.
We know of no rule of law which requires a jury to deliberate for any particular length of time. See Wall v. United States, 384 F.2d 758 (10 Cir.1967), wherein the court stated:
The appellants say that the jury could not have considered the evidence, and particularly their defense, because it took but one hour of deliberations to reach a verdict in a case which had taken eight days of trial. We know of no rule which requires a jury to deliberate *429 for any particular period of time. From our study of the record we can well understand why the jury took no longer in coming to a decision. Its verdict must stand. [at 762]
In Kimes v. United States, 240 F.2d 301 (5 Cir.1957), reh. den. 242 F.2d 99 (5 Cir.1957), cert. den. 354 U.S. 912, 77 S.Ct. 1299, 1 L.Ed.2d 1429 (1957), the court, in the rehearing opinion, stated:
After a fair trial before a good judge and competent jury, with all the facts undisputed except the alibi of the defendant, we find nothing suspicious, questionable, or remarkable in the action of the jury in returning its verdict of guilty after deliberating only twenty minutes. [242 F.2d at 100-101]
See also, United States v. Young, 301 F.2d 298 (6 Cir.1962), wherein the court held that a four-minute jury deliberation was not so capricious as to deny a defendant due process of law; United States v. Brotherton, 427 F.2d 1286 (8 Cir.1970), wherein the court held that it could not find error by reason of the short time consumed (five to seven minutes) by the jury in its deliberation.
Here, there was not any genuine issue as to whether a robbery occurred. Even defendant's counsel in his summation said: "We know what happened. Mr. Phillips was held up. We know where it happened. It happened on Waverly Avenue." Thus, the only question was one of identity which the jury could resolve very quickly. From our study of the record we cannot conceivably find error by reason of the jury deliberation consuming only 15 minutes to make a determination of this simple fact issue of identity.
Defendant also contends that the sentence of six to ten years in State Prison was manifestly excessive and unduly punitive. Again, we disagree. Considering all the circumstances, as well as defendant's presentence report, we cannot hold that there was an abuse of discretion in the imposition of this sentence by the court below. See State v. Tyson, 43 N.J. 411 (1964), cert. den. 380 U.S. 987, 85 S.Ct. 1359, 14 L.Ed.2d 279 (1965).
Affirmed.