UNITED STATES of America,
Plaintiff-Appellee,

v.

Paul Howard ANDERSON,
Defendant-Appellant.

No. 77–1434.

United States Court of Appeals,
Ninth Circuit.

Sept. 28, 1977.

Certiorari Denied Nov. 7, 1977.
See 98 S.Ct. 438.

---

Elliott L. Aheroni, Beverly Hills, Cal., for defendant-appellant.

William D. Keller, U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before CHAMBERS and SNEED, Circuit Judges, and SOLOMON,* District Judge.

PER CURIAM.

Appellant, Paul Anderson, was convicted after a jury trial of kidnapping and interstate transportation, interstate transportation of a stolen motor vehicle, interstate transportation of a stolen firearm, and use of a firearm to commit a felony. On this appeal, he asserts errors in procedure and the manner in which the trial was conducted.

Anderson escaped from a California prison on July 26, 1976. Three days later, he stole a truck and the gun which was in the glove compartment. Anderson later abandoned the truck in a supermarket parking lot and approached Susan Melton and her son with the gun in his hand. He told Mrs. Melton that he had escaped from prison and that he was desperate; he forced his way into her van. He then drove the van to Nevada, where he had Mrs. Melton leave her son at a motel with a babysitter. Anderson then drove to Arizona, Utah and Idaho. He denied Mrs. Melton's repeated requests to be released. In Idaho, Anderson stopped at a restaurant. While Mrs. Melton was inside the restaurant, she fell to the floor pretending to be ill, and customers came to her aid. Anderson fled, but he was captured at a police roadblock.

Anderson admitted most of these facts at the trial.

■ Anderson contends that the trial judge should have disqualified himself for bias because he had presided at the proceedings in which Anderson had first entered a plea of guilty. Anderson failed to follow

* Honorable Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation.

the procedural requirements of 28 U.S.C. § 144 in requesting the judge to disqualify himself.

Anderson next contends that he had insufficient time to prepare a defense. The trial was held almost two months after he withdrew his guilty plea, and his counsel did not request additional preparation time.

Anderson contends that he was denied due process because he was required to wear the same clothes during the two-day trial, was not given a haircut, and was seen by some of the jurors in the hallway in handcuffs. Anderson was attired in non-prison clothes. His hair was no longer than that of Government counsel and defense counsel. And there was no request for a mistrial or a cautionary instruction on the clothes, hair or handcuffs.

Anderson contends that the jury's brief deliberation indicates it did not give full and impartial consideration to the evidence. The record fully supports the verdict. There is no established rule that any specified time is required to reach unanimity. Defendant's argument is a two-edged sword. The jury may have thought there was not even a shadow of doubt as to guilt.

Finally, Anderson contends that his concurrent life sentences on the two kidnapping charges are excessive, cruel and unusual. The sentences are within the statutory maximum, and Anderson points to no improper considerations by the trial judge.

There is no merit in any of these contentions.

AFFIRMED.