**AMERICAN SAMOA GOVERNMENT, Plaintiff**

**v.**

**WILLIAM SU'A, Defendant**

High Court of American Samoa
Trial Division

CR No. 27-96

October 2, 1996

Before RICHMOND, Associate Justice, VAIVAO, Associate Judge, and AFUOLA, Associate Judge.

Counsel: For Plaintiff, Frederick J. O'Brien, Assistant Attorney General
For Defendant, David P. Vargas, Assistant Public Defender

Order Denying Motion For New Trial:

On April 16, 1996, plaintiff American Samoa Government ("ASG") filed the information in this action, charging defendant William Su'a ("Su'a")

8

with the crimes of assault in the second degree and unlawful use of a weapon. Trial by jury commenced on August 27, 1996, and on August 28, the jury found Su'a guilty of both offenses as charged.

We scheduled sentencing on September 18, 1996. Despite the statutory direction of A.S.C.A. § 46.2402 to file a motion for a new trial within 10 days after the announcement of the judgment or sentence, Su'a prematurely filed a motion for new trial on September 6. The motion was set for hearing on September 17, but we rescheduled the hearing on September 18 for argument after pronouncing the judgment and sentence.[1]

On September 18, we adjudicated Su'a guilty of both offenses and sentenced him to two consecutive terms of three years' imprisonment. We suspended execution of the sentence and placed Su'a on probation for three years on the condition, among others, that he serve a period of 18 months' detention at the correctional facility, with credit for his incarceration of the approximately six months' incarceration awaiting trial and sentencing.

## DISCUSSION

Su'a essentially raised two grounds for a new trial. First, he claimed that we granted, over his objection, ASG's request to continue the trial without good cause due to the absence of ASG's witnesses. Second, he asserted that the jury's verdict cannot stand, because the jury returned the verdict in about five minutes and necessarily failed to properly deliberate. Further to the second issue, he specifically maintained that the jury did not, as a matter of law, consider the evidence of self-defense. In addition, he declared that the foreperson stated immediately after the jury was discharged that despite his efforts, the jury refused to deliberate or discuss the evidence.

1. Continuance.

ASG's first witness during the trial, the victim of the assault, testified after the lunch break on the first day. Then, ASG was unable to produce another witness. Other witnesses to the assault and the doctor who examined the victim were under subpoena and instructions to be in the

---

[1] On September 4, 1996, Su'a also filed a motion for a judgment of acquittal, under T.C.R.Cr.P. 29(c), which was also scheduled for hearing on September 17 and postponed until September 18. The court heard and orally denied this motion before pronouncing the judgment and sentence on September 18.

courthouse at 1:30 p.m. The prosecutor was given opportunity to call his office about the nonappearances but was still unable to proceed or immediately explain the witnesses' absence. We then granted, over Su'a's objection, ASG's motion to continue the trial until the following morning to produce the witnesses.

 A trial court may grant or deny, in its sound discretion, a continuance during trial to obtain a witness. *People v. Laursen*, 501 P.2d 1145, 1153 (Cal. 1972). The decision to grant or deny a continuance will not be overturned except upon a showing of clear abuse. *United States v. Real Property Located at Incline Village*, 47 F.3d 1511, 1521 n.5 (9th Cir. 1995). The court must take into account such factors as the benefit the movant expects, the likelihood of producing the witness, the burden on the jurors, court and other witnesses, and foremost whether the continuance will achieve or nullify substantial justice. *Laursen*, 501 P.2d at 1153.

The missing witnesses were on island, under subpoena, and available to testify. While other witnesses to the assault may have been cumulative, they may also provide a more accurate perspective on the totality of circumstances than the victim. The doctor would best describe the nature and extent of the physical results of the encounter. The testimony of these witnesses was relevant, material, and reasonably necessary. An overnight delay was not unduly burdensome on any of the trial participants.

ASG sought the slight delay in this situation to adequately present the prosecution case and let the jury decide the accused's guilt. Above all, the continuance served not to repudiate but to promote substantial justice.

2. Jury Deliberations.

 The jury reached the verdict in about five minutes. No rule requires a jury to deliberate for any set length of time. *See United States v. Anderson*, 561 F.2d 1301, 1303 (9th Cir. 1977) (per curiam) (upholding verdict that jury reached after "brief deliberation"), *cert. denied*, 434 U.S. 943, 98 S. Ct. 438, 54 L. Ed. 2d 304 (1977); *United States v. Brotherton*, 427 F.2d 1286, 1289 (8th Cir. 1970) (five to seven minutes); *Kimes v. United States*, 242 F.2d 99, 100-01 (5th Cir. 1957) (20 minutes) (order denying rehearing), *cert. denied*, 354 U.S. 912, 77 S. Ct. 1299, 1 L. Ed 2d (1957). Substantial evidence supported the jury's verdict in this case, and we "can well understand why the jury took no longer in coming to a decision." *Wall v. United States*, 384 F.2d 758, 762 (10th Cir. 1967) (verdict upheld after one hour of deliberation).

10

Su'a attempted to show that the jury did not deliberate in fact by subpoenaing the foreperson. However, the foreperson testified that the jurors did deliberate, the self-defense issue included, and unanimously agreed on Su'a guilt. He also denied making the post-verdict statements defense counsel attributed to him. Counsel's investigator testified in an effort to impeach the foreperson by prior inconsistent statements. The foreperson's prior statements might have been misunderstood, but in any event, we believe his in-court testimony.

We also take this opportunity to express our displeasure with defense counsel's tactic in calling the foreperson to testify and state the appropriate principles involved. We probably would have followed our instinct at the time and upheld an objection, if made, to this evidence.

■ A juror may not impeach his own verdict once the jury has been discharged. *McDonald v. Pless*, 238 U.S. 264, 35 S. Ct. 783, 59 L. Ed. 1300 (1915). This rule was formulated to foster several public policies: (1) to discourage harassment of jurors by losing parties eager to have the verdict set aside; (2) to encourage free and open discussion among jurors; (3) to reduce incentives for jury tampering; (4) to promote verdict finality; and (5) to maintain the viability of the jury as a judicial decisionmaking body. *Gov't. of Virgin Islands v. Gereau*, 523 F.2d 141, 148 (3rd Cir. 1975).

■ Moreover, while "extraneous" influences on the jury's deliberations can overturn a jury verdict, "[e]vidence of discussions among jurors, intimidation or harassment of one juror by another, and other intrajury influences on the verdict . . . is not competent to impeach a verdict." *Id.* 523 F.2d at 149-50 (citing *United States v. Kafes*, 214 F.2d 887 (3rd Cir. 1954); *United States v. Blackburn*, 446 F.2d 1089 (5th Cir. 1971), *cert. denied*, 404 U.S. 1017, 92 S. Ct. 679, 30 L. Ed. 2d 665 (1972); *United States v. Stoppelman*, 406 F.2d 127 (1st C'r. 1969), *cert. denied*, 395 U.S. 981, 89 S. Ct. 2141, 23 L. Ed. 2d 769 (1969); *United States v. Kohne*, 358 F. Supp. 1046 (W.D. Pa. 1973), *aff'd*, 487 F.2d 1395 (3rd Cir. 1973), *cert. denied*, 417 U.S. 918, 94 S. Ct. 2624, 41 L. Ed. 2d 224 (1974)).

The discharged foreperson's testimony and out-of-court remarks are not competent evidence for impeaching the verdict, because they undermine his own verdict, and concern intrajury discussions that inhere in the jury's verdict and must be protected by a veil of secrecy and confidence. *See United States v. Homer*, 411 F. Supp. 972, 976-79 (W.D. Pa. 1976). We will not allow, on our own motion if necessary, jurors to be put in this position in the future.

CONCLUSION

11

We deny the motion for a new trial. It is so ordered.