NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10119 |
| Plaintiff - Appellee, | D.C. No. 1:08-CR-00162-HG-1 |
| v. | |
| MARC MILLES, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Helen Gillmor, District Judge, Presiding

Argued and Submitted January 12, 2010
San Francisco, California

Before: BRIGHT, [**] HAWKINS, and M. SMITH, Circuit Judges.

Appellant Marc Milles challenges his conviction and sentence of 16 months'

imprisonment after trial by jury for theft of government funds and conspiracy to

steal government funds in violation of 18 U.S.C. §§ 641, 371. On appeal, Milles

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9TH CIR. R. 36-3.

[**]     The Honorable Myron H. Bright, Senior United States Circuit Judge
for the Eighth Circuit, sitting by designation.

contends (1) the evidence was insufficient to prove he specifically intended and conspired to steal government funds; (2) the jury failed to adequately consider the evidence; and (3) prejudice from prosecutorial misconduct. We affirm.

I.

Milles challenges the sufficiency of the evidence, arguing there was no showing he possessed the requisite intent to steal funds, nor that he conspired to steal funds.

In reviewing the sufficiency of the evidence, this court examines the evidence in the light most favorable to the conviction and asks whether a rational jury could have found the defendant guilty beyond a reasonable doubt. *United States v. Esquivel-Ortega*, 484 F.3d 1221, 1224 (9th Cir. 2007).[1] We assume the jury drew reasonable inferences, resolved evidentiary conflicts, and determined witness credibility in manners which support the verdict. *United States v. Kranovich*, 401 F.3d 1107, 1112-13 (9th Cir. 2005).

---

[1] Milles did not renew his motion for acquittal at the close of trial and the parties dispute whether we review his claim de novo or for plain error. *Compare United States v. Cruz*, 554 F.3d 840, 844 (9th Cir. 2009) (reviewing sufficiency challenge for plain error because the defendant did not renew motion for acquittal) *with Esquivel-Ortega*, 484 F.3d at 1225 (reviewing sufficiency challenge de novo because renewing motion for acquittal would have been "empty ritual"). Because Milles cannot prevail under de novo review, we need not resolve this dispute.

Applying this standard, ample evidence supports the jury's verdict. Karl Reyes, Milles's coconspirator, testified that over a period of several years he received government pay without working the hours shown on his time cards and that he shared one-half of the proceeds with Milles. Reyes stated he gave Milles half "[b]ecause that was our – that was our plan from the beginning." Other witnesses testified that Milles altered and signed Reyes's time cards and testified that they never met or saw Reyes during the periods he supposedly worked. Having thoroughly reviewed the record, we conclude a rational jury could have found Milles guilty beyond reasonable doubt.

## II.

Milles next argues that the jury failed to discharge its duty because it returned a verdict in a little over thirty minutes. This argument is without merit. *See United States v. Anderson*, 561 F.2d 1301, 1303 (9th Cir. 1977) ("There is no established rule that any specified time is required to reach unanimity. Defendant's argument is a two-edged sword. The jury may have thought there was not even a shadow of doubt as to guilt.").

3

## III.

Milles argues that prosecutorial misconduct deprived him a fair trial. There is no doubt the prosecutors acted improperly.[2]

After a noon recess on the fourth day of trial, defense counsel found a document that contained questions and answers for a government witness, Mr. Bergmann, who had testified earlier that morning. Defense counsel brought the document to the court's attention. The prosecutors admitted giving Bergmann a copy of the document approximately thirty minutes before he testified. Upon inquiry by the district court, the prosecutors responded that no other witness was given a similar document. Defense counsel moved to strike Bergmann's testimony or alternatively for a mistrial. In further proceedings on this motion, defense counsel suggested that had she known of the document's existence, she would have cross-examined Bergmann differently. The district court suggested recalling Bergmann for additional cross-examination. Defense counsel stated she wished to examine Bergmann about the preparation process and to impeach him. No further request was made for a mistrial and Bergmann was recalled and examined.

---

[2] We note that at oral argument the government assured us that remedial action has been taken to ensure that the conduct described will not happen again in the trial of cases in the federal courts of Hawaii.

The parties agree the underlying conduct was improper, but dispute whether Milles suffered prejudice. Generally, "prosecutorial misconduct invites reversal if it appears more probable than not that the alleged misconduct affected the jury's verdict." *United States v. Simtob*, 901 F.2d 799, 806 (9th Cir. 1990); *see United States v. Sayakhom*, 186 F.3d 928, 945 (9th Cir. 1999) (holding defendant did not show that the alleged coaching materially affected the outcome of the trial and stating "[c]ross-examination and argument are the primary tools for addressing improper witness coaching").

Though highly improper, the prosecutors' misconduct did not deny Milles his right to a fair trial. *See Smith v. Phillips*, 455 U.S. 209, 219 (1982) ("[T]he touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor."). First, nothing in the record suggests prosecutors provided any other witness with a "script." In fact, the prosecutors denied so doing when asked by the district court. Second, defense counsel agreed to the remedy of additional cross-examination and examined Bergmann regarding the relationship between his testimony and the document. Third, Bergmann's testimony largely corresponds with a statement he made to the government in 2006. Finally, there was substantial evidence of Milles's guilt

5

without Bergmann's testimony.  We thus conclude the prosecutors' misconduct did not prejudice Milles.

**AFFIRMED.**