208 So.2d 98 (1968)
Leon Corneal HOLSTON, Appellant,
v.
STATE of Florida, Appellee.
No. 35856.
Supreme Court of Florida.
February 7, 1968.
Rehearing Denied April 2, 1968.
W. George Allen, Fort Lauderdale, for appellant.
Earl Faircloth, Atty. Gen., and David U. Tumin, Asst. Atty. Gen., for appellee.
*99 THOMAS, Justice.
The appellant, Leon Corneal Holston, was convicted of murder in the first degree of Julian Marion Foxworth, an 11-year old boy, without recommendation of mercy and was sentenced to death. The case is now here for review. The victim had been stabbed several times and had been "buggered" according to the doctor who performed the autopsy. The testimony was positive that the cause of death was hemorrhaging and shock from multiple stab wounds in the chest of the victim.
There is abundant evidence that the young victim of Holston's assault had been violated then killed by Holston, so the element of premeditation was firmly established.
The question of appellant's sanity was raised by his pleas and the subject was thoroughly explored during the trial at which well qualified witnesses testified that the appellant, under the M'Naghten rule, knew the difference between right and wrong at the time the crime was committed and, of course, this view was accepted by the jury as is demonstrated by their verdict. True, there was some conflicting evidence on that subject but there was a sufficient amount of it to support the position. It is an interesting commentary in this regard that the appellant was sufficiently clever, or cunning, to blame the crime on a fictitious character, a long-bearded person named Johnnie Dollar. It was testified by a psychiatrist-witness that Johnnie Dollar was, in fact, the appellant himself and was created for the purpose of being blamed for the sordid, heinous crime that had, without doubt, been perpetrated.
The appellant's argument here in substance is an attack on the M'Naghten rule which is said in his brief to be so archaic as to require its abandonment as the law of Florida. But we have adhered to the rule since its adoption, at least as early as 1902, in Davis v. State, 44 Fla. 32, 32 So. 822, from the original M'Naghten decision, Daniel M'Naghten's Case, 10 Clark & F. 200, 8 Eng.Rep. 718 (1843).
It is argued in appellant's behalf that he was a homosexual pedophile whose crimes "were bizarre because after committing homosexual acts upon youngsters of his own male gender he then took their lives." It is asserted "that no sane individual would commit a homosexual act and then kill the victim out of a sense of guilt." This is an argument we reject. The logic is obviously faulty for to follow it to conclusion would mean that the more heinous the commission of a given crime the more likelihood the perpetrator was so crazy he should be set free. As lately as the case of Van Eaton v. State, 205 So.2d 298, this court reaffirmed its adherence to the M'Naghten rule.
Two of appellant's points  (1) that the evidence was insufficient to sustain conviction, and (2) that the trial court erred in concluding that the appellant was sane at the time of commission of the alleged offense, may be determined adversely to his position by stating that as required by Sec. 924.32 of the Statutes, F.S.A., we have reviewed the entire record and do not find that the interests of justice require a new trial.
Another challenge is addressed to the ruling of the trial court disallowing the testimony of two employees of the Juvenile Court of Broward County. It is plain that the judge was only following the mandate of Sec. 39.12(4) of the Statutes, F.S.A., where appears the following inhibition:
"All information obtained in discharge of official duty by any judge, counselor, assistant counselor, or employee of any juvenile court shall be privileged and shall not be disclosed to anyone other than the authorized personnel of the juvenile court and others entitled under this chapter to receive that information, except upon order of the judge."
There is no showing of an effort, even, to secure an order of the juvenile judge to permit use of the information sought. So this question, too, is without merit.
*100 The remaining points presented by the appellant deal with two statements made by him while he was incarcerated in the county jail. He called a fellow inmate, one Thomas, a trusty, to inquire how he could obtain products from the commissary presumably located in or near the jail. During this colloquy between appellant and trusty the appellant related that he had killed Foxworth and another boy by stabbing them with a knife taken by him from a tackle box near the rock pit where the record shows that all three of them, appellant and his two eventual victims had been fishing. This, in brief, was the oral statement of the appellant and constituted one phase of the so-called confession. He also related to the trusty that there was no such person as Johnnie Dollar and that he, appellant, was, in fact, Johnnie Dollar. Parenthetically, this statement coincided with the eventual conclusion of the psychiatrists that the appellant had created Johnnie Dollar who was in truth appellant himself. This was prompted by an inquiry by the trusty who had read in the newspaper about a person of such name being involved.
The trusty then requested the appellant to reduce the statement to writing, the trusty representing to him that it would "probably help" him to do so. In his closing argument defense counsel, himself, stated that "without question" the experts had testified that Johnnie Dollar did not exist. Such was the second phase of the confession.
The appellant now challenges all the statements. He maintains that the one given the trusty was improper because it was obtained while he was in custody by an agent of the Broward County Sheriff's Department, hence introduction of it was improper under the decision of the Supreme Court of the United States in Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). But the position is unsound because the premise is faulty. Thomas was not a law enforcement officer. He was merely a fellow-convict with special privileges, and his connection with the case could not properly be described as conduct of custodial interrogation.
Before all this the appellant had given a statement in the presence of his then attorney, the sheriff, the state attorney and two deputy sheriffs. This statement introduced at the trial also contained the information from the appellant that he was present when the boys, Foxworth and another, William White, were killed by the bearded Johnnie Dollar. The appellant's then attorney offered no objection to the statement being made, and actually had participated in the taking of the statement. It was not until the time for trial approached that a motion was made by a subsequently appointed court attorney to suppress the statement on the grounds that appellant was not represented by counsel, was not advised of his constitutional rights, and was not sane.
The appellant insists that the original statement was improperly admitted by the court because it was unacknowledged by the defendant and without such acknowledgment was inadmissible. For the position he cites Williams v. State, 185 So.2d 718 (3 DCA Fla. 1966), which apparently sustains his position, but this statement was in effect a confession only so far as Johnnie Dollar was concerned and was an admission against the interest of the appellant only to the extent that it showed that he was present at the time the murder was committed.
We think that the ruling of the Supreme Court of Alabama in this connection is a logical one and we adopt it for determination of the point immediately before us. The effect of that decision in Crenshaw v. State, 205 Ala. 256, 87 So. 328 (1921), is that statements of a defendant to officers who arrest him for murder that he did not participate in the murder but saw another person commit it were not confessions but were only in the nature of confessions and the officer's testimony as to them is admissible only after testimony had been introduced *101 showing that the statements were voluntarily made.
In the instant case the trial judge did take the pains of investigating the circumstances surrounding the statement of the appellant that Johnnie Dollar committed the offense and that he, the appellant, was present when the crime was perpetrated.
In his reply brief appellant challenges the sufficiency of the evidence to support the verdict. But, to repeat, we are convinced after perusal of the record, as we are required to do under Sec. 924.32, that guilt of the appellant was abundantly established and that the ends of justice do not require a new trial.
The judgment is affirmed.
CALDWELL, C.J., ROBERTS, DREW, THORNAL and ERVIN, JJ., and WHITE, Circuit Judge (Retired), concur.