**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Robert Duane MITCHELL, Defendant-Appellant.**

**No. 17347.**

United States Court of Appeals Seventh Circuit.

Oct. 20, 1969.

Everett B. Hale, Manitowoc, Wis., for defendant-appellant.

Robert J. Lerner, U. S. Atty., Milwaukee, Wis., for appellee.

Before HASTINGS, Senior Circuit Judge, FAIRCHILD and KERNER, Circuit Judges.

HASTINGS, Senior Circuit Judge.

Defendant Robert Duane Mitchell was convicted of perjury following a trial by jury in the United States District Court for the Eastern District of Wisconsin, Honorable James E. Doyle, district Judge, presiding.[1] Defendant was represented at the trial by court appointed counsel and appeals from the judgment of conviction and sentence. We affirm.

The indictment in the instant case charged defendant with willfully and knowingly testifying under oath in the bank robbery trial of one Charles Layton Cox to material matter which he did not believe to be true, in violation of Title 18, U.S.C.A. § 1621.[2]

In the Cox trial, Cox was indicted for robbing the Silver Lake State Bank, Silver Lake, Wisconsin, on November 17, 1967, in violation of Title 18, U.S. C.A. §§ 2113(a) and 2113(d). Cox was convicted following a trial by jury in cause 67–CR–183 in the Eastern District of Wisconsin, Honorable John W. Reynolds, district judge, presiding.

Mitchell testified in the Cox trial that he, not Cox, had robbed the Silver Lake State Bank in question and had participated in the flight from the bank.

In the instant perjury trial, the parties entered into a written stipulation of the testimony Mitchell gave at the Cox trial and to the fact that Mitchell was a witness for defendant Cox and testified under oath. The stipulation further stated that when Mitchell so testified on March 28, 1968, the matter before the court "involved an Indictment charging Charles Layton Cox with committing a robbery of the Silver Lake State Bank, Silver Lake, Wisconsin on November 17, 1967 in violation of Sections 2113(a) and 2113(d), Title 18, United States Code of Laws." A certi-

---

1. Judge Doyle was sitting pursuant to an assignment from the Western District of Wisconsin.

2. "§ 1621. Perjury generally
 "Whoever, having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly, or that any written testimony, declaration, dep-

osition, or certificate by him subscribed, is true, willfully and contrary to such oath states or subscribes any material matter which he does not believe to be true, is guilty of perjury, and shall, except as otherwise expressly provided by law, be fined not more than $2,000 or imprisoned not more than five years, or both. This section is applicable whether the statement or subscription is made within or without the United States."

fied copy of such indictment was attached to and made a part of the stipulation.

The stipulation further set out in detail Mitchell's testimony describing how he and one Phil Haas robbed the bank in question on November 17, 1967, and of their subsequent flight from the bank.

To prove the falsity of Mitchell's testimony in the Cox trial, the government first introduced records of the Thilmany Pulp and Paper Company of Kaukauna, Wisconsin. Those records showed Mitchell was employed there and at work during the hours when, according to his testimony in the Cox trial, he was allegedly robbing the Silver Lake State Bank.

The government further introduced testimony by Harold Greer, a fellow prisoner of the defendant, to the effect that Mitchell had told Greer that Cox had asked him to plead guilty to the robbery of the Silver Lake State Bank with which Cox was charged and had given him the details of the robbery. Greer further testified Mitchell told him Cox had offered Mitchell money to take the blame and had told Mitchell he would be able to serve any sentence he received concurrently with a sentence in another bank robbery case for which Mitchell was being tried.[3]

Also testifying for the government was a deputy sheriff who had pursued the robbers of the Silver Lake State Bank and had shot and killed one of them. He testified Mitchell was not the other individual whom he had seen fleeing after the bank robbery. He identified Cox as that other individual.

Counsel appointed for defendant on this appeal was not trial counsel in the district court. He raises a single contested issue in his brief. It is asserted

that an essential element of the crime of perjury under § 1621, *supra,* is that the sworn, false testimony go to a material matter. The government does not contest this and it is in harmony with the words of the statute. It is further asserted the government has the burden of proving materiality. Again, the government does not challenge this contention and cases from other circuits support it. LaRocca v. United States, 8 Cir., 337 F.2d 39, 43 (1964); Brooks v. United States, 5 Cir., 253 F.2d 362, 364 (1958), cert. denied 357 U.S. 927, 78 S.Ct. 1374, 2 L.Ed.2d 1372.

The crux of defendant's contested issue is the claim that the government did not meet its burden of proving materiality in the perjury trial. We find this contention completely without merit in view of the stipulation entered into by the parties. It is clearly stipulated that the Cox trial involved the Silver Lake State Bank robbery, and the indictment in the Cox case is incorporated as a part of the stipulation. This sufficiently establishes the nature of the issue in the Cox trial. The stipulation further sets out verbatim the testimony of Mitchell given during the Cox trial and that it was given under oath by Mitchell in such trial.

In United States v. Parker, 7 Cir., 244 F.2d 943, 950 (1957), we said: "The test of materiality of false testimony is whether the testimony has a natural effect or tendency to influence, impede or dissuade the investigating body from pursuing its investigation * * *." It is too plain for argument that when Mitchell testified he had robbed the Silver Lake State Bank, his testimony would have the effect of "influencing" the jury in its determination of the question of whether Cox had

---

3. It appears in the transcript of the trial proceedings in the instant case that at the time of sentencing Mitchell's trial counsel represented to Judge Doyle that Mitchell had been sentenced to serve a term of 20 years by Judge Reynolds in the Eastern District of Wisconsin on Mitchell's guilty plea to a charge of

robbing another bank in case No. 68–CR–25. Further, that shortly thereafter, Mitchell was sentenced to serve a concurrent term of five years on his guilty plea to an attempted escape charge by sawing a bar in his cell in the Waukesha County jail.

robbed the Silver Lake State Bank. We conclude that the government has sustained its burden of proving the materiality of the defendant's testimony at the Cox trial.

Six days before this case came on for oral argument, defendant filed a *pro se* motion in this court and was granted leave to file a *pro se* supplemental brief. The propositions raised in such brief—which defendant's appointed counsel argued to this court—challenge the competency and sufficiency of the government's evidence to prove the falsity of the alleged perjured testimony.

■ Defendant first urges that it was error to admit a time card and time sheet from the Thilmany Pulp and Paper Company. Defendant contends that these records are hearsay, and he is correct in that. However, Title 28 U.S.C.A. § 1732(a) provides a clear exception to the rule barring hearsay evidence and amply supports the admission of this evidence.[4]

■ Defendant further urges that it was error to admit the testimony of his fellow prisoner, Greer. Defendant apparently means to bring his case within the scope of Massiah v. United States, 377 U.S. 201, 206, 84 S.Ct. 1199, 12 L. Ed.2d 246 (1963), which held it was a denial of the Sixth Amendment's guarantee to use against a defendant "evidence of his own incriminating words, which federal agents had deliberately elicited

from him after he had been indicted and in the absence of his counsel." However, a thorough review of the record before us and of the extensive cross-examination of Greer reveals no evidence that the government in any way prompted Greer to obtain information from Mitchell or to furnish Mitchell's voluntary statements to government officers. This is simply a case of a misplaced confidence. The trial court did not err in admitting Greer's testimony.

■ Defendant finally appears to urge that the government's evidence was not sufficient to prove the falsity of his testimony at the Cox trial. The record fully supports the jury's determination of falsity, including the corroboration required by the "two-witness" rule peculiar to perjury prosecutions. *See* 18 U.S.C.A. § 1621, note 238. This contention is without substance.

Defendant was sentenced to serve a term of two and one-half years, to be consecutive to the sentence imposed by Judge Reynolds in No. 68–CR–25.

Mr. Everett B. Hale, a reputable member of the Wisconsin Bar, was appointed by this court to represent defendant on this appeal pursuant to the Criminal Justice Act of 1964. We thank him for this professional service.

For the foregoing reasons, the judgment of conviction and sentence appealed from is affirmed.

Affirmed.

---

4. "§ 1732. Record made in regular course of business; photographic copies

"(a) In any court of the United States and in any court established by Act of Congress, any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence, or event, shall be admissible as evidence of such act, transaction, occurrence, or event, if made in regular course of any business, and if it was the regular course of such business to make such memorandum or record at the time of such act, transaction, occurrence, or event or within a reasonable time thereafter.

"All other circumstances of the making of such writing or record, including lack of personal knowledge by the entrant or maker, may be shown to affect its weight, but such circumstances shall not affect its admissibility."