## State of Vermont v. Raymond Leslie Rushford

[296 A.2d 472]

No. 11-72

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed October 3, 1972

*Robert I. Tepper,* State's Attorney, for Plaintiff.

*John J. Welch, Jr., Esq.,* Rutland, for Defendant.

**Daley, J.** Raymond Leslie Rushford was indicted for burglary (habitual offender) on December 10, 1969, by a Rutland County grand jury. Separate jury trials in the Rutland County Court upon the charges for which he was indicted resulted in verdicts and judgments of guilty.

By appeal to this Court he challenges the indictment returned by the grand jury in Docket No. 4959 of the Rutland County Court charging him with the crime of burglary, and the indictment of the same grand jury charging him with being a habitual offender, Docket No. 4960 of the Rutland County Court. He claims both are substantially defective and insufficient to confer jurisdiction upon the trial court. As a further ground of appeal, he claims to have been prejudiced by certain remarks made by the State's Attorney to the jury during final argument.

The indictments in both docket numbers were returned to the court bearing the signature of Stewart Lincoln over the word "Foreman". Upon each bill of indictment was printed the words "A true bill" and "This bill not found". In each instance the words "This bill not found" were etched out. The words "A true bill" which remained were not in the handwriting of the foreman, nor were such words written by hand. Appellant claims each indictment to have been defective as not being in compliance with the provisions of 13 V.S.A. § 5601, the material part of which reads:

> ". . . When the grand jury finds an indictment supported by good and sufficient evidence the foreman shall write thereon 'a true bill'. When it does not find an indictment so supported, he shall write thereon 'this bill not found' . . . ."

The bill of indictment returned in both counts is designated as County Court Form 10; it was formerly designated

as County Court No. 244. For many years it has been the form employed by grand juries. It contains in print a caption, followed by a blank space in which the charging part is inserted; then in print are the words "contrary to the form, force, and effect of the Statute, in such case made and provided, and against the peace and dignity of the State"; beneath this in print are the words "a true bill" and the words "this bill not found. ................................. Foreman."

The duty of preparing the bill is placed by statute upon the State's Attorney. *Gould* v. *Parker,* 114 Vt. 186, 42 A.2d 416 (1945). The bill returned to the court in these matters is signed by the foreman. Upon the face of the bill in each count before us printed words unmistakably appeared without defacement "a true bill".

The literal directive of 13 V.S.A. § 5601 commands the foreman to place upon the bill of indictment in his own handwriting the words "a true bill" or if the bill is not found the words "this bill not found". Appellant argues that the failure of the foreman to do so constitutes a substantial defect divesting the trial court of jurisdiction.

The specific question presented by this appeal relative to the validity of the indictments returned has not heretofore been decided in Vermont, although it has been in other jurisdictions.

We have held that the proceedings of a grand jury are not rendered void by irregularities which are of a technical nature. *State* v. *Frotten,* 114 Vt. 410, 416, 46 A.2d 921 (1946). In *State* v. *Brewster,* 70 Vt. 341, 351, 40 A. 1037 (1898), it was the holding of the Court that an indictment will not be quashed because the State's Attorney with the consent of the Court was accompanied before the grand jury by a stenographer who took down and transcribed the testimony of the witnesses where no actual prejudice to the respondent was shown. In its discussion of the purposes of an indictment the Court in *State* v. *Brewster, supra,* 70 Vt. at 351, stated that:

> "[W]hen it is considered that an indictment determines no more than that the respondent should be put upon trial, it is apparent that nothing but such an irregularity as is shown will and does prejudice the accused, should avail to abate the indictment."

In *State* v. *Davidson*, 12 Vt. 300, 302 (1840), this Court upheld an indictment where the foreman neglected to write the word "A" in "A true bill", upon the basis it was of no consequence. The indictment in *State* v. *Brown*, 31 Vt. 602, 603 (1859), was upheld by the Court after the respondent had moved to quash it because the word "foreman" did not appear below the name of the person signing the indictment. In that instance the Court felt no mischief was likely to ensue from the omission of the word "foreman" on the indictment.

The specific question presented by this appeal was passed upon in *State* v. *Schell*, 248 Ind. 183, 224 N.E.2d 49 (1967), where that court held it was error to sustain a motion to quash an indictment where the indictment contained the printed words "A true bill" instead of the handwritten words "A true bill" as required by Burns Ind. Stat. Anno. § 9-901 (1956). In upholding the indictment the court in *State* ·v. *Schell, supra,* 248 Ind. at 189–90 stated:

> "The principle running through all these cases is that if the person intended the mark or the name, printed or written, when it is imprinted upon the document, to be his signature and he so adopts it as his act and intends to be bound thereby, it meets the requirements of the law."

See *Ruch* v. *State*, 111 Ohio St. 580, 146 N.E. 67 (1924).

Moreover, this is not the first time this Court has been called upon to construe the word write when it appeared in a statute. In *Temple* v. *Mead*, 4 Vt. 535 (1832), this Court held a printed ballot could be used in place of a written ballot in spite of the fact the Vermont Constitution called for a written ballot. In its discussion of why a printed ballot could be used, this Court in *Temple* v. *Mead, supra,* 4 Vt. at 542, stated the definition of the word writing to be as follows:

> "The definition of the word writing includes printing; it means no more than conveying our ideas to others by letters or characters visible to the eye."

Clearly, the definition of writing, as used in *Temple* v. *Mead, supra*, must also be applicable in the case at bar.

The appellant has not in any manner demonstrated how he has been harmed or prejudiced by the use of the printed words, nor has he shown that the employment of personal handwriting on the part of the foreman would have produced a different result. Indeed, as was pointed out in *State v. Brown, supra,* 31 Vt. at 603 the fact that: "The grand jury presents their bills in open court, the court knows that they are presented by the foreman with the approval of the body of the jury, the clerk enters upon the back of the indictment a minute of its being duly presented and filed. . . ." would appear to be a sufficient safeguard to prevent any mischief. We hold the intent of the grand jury was manifestly clear when they returned the indictments, and they must stand. In upholding the indictments we are in harmony with the modern line of judicial thinking under similar statutes which evidences an intent to eliminate technical and formal defects which in no way prejudice the respondent or affect his substantial rights. *Helms v. State,* 251 Ind. 335, 341, 241 N.E.2d 244 (1968).

Appellant's second claim of error is addressed to the State's Attorney's remarks to the jury during final argument in Docket No. 4959 including a comment in which he suggested to the jury that no attorney, himself or counsel for the respondent, would allow, knowingly, a witness to lie on the stand. Thus, the respondent claims the summation was prejudicial and served to deny him a fair and impartial trial because the statement became, in effect, the unsworn testimony, not subject to cross-examination, of the State's Attorney.

The summation complained of as prejudicial was not objected to at the trial. To have benefit of such a complaint here an opportunity must have been given to the trial court to deal with the incident. *State v. Oakes,* 129 Vt. 241, 258, 276 A.2d 18 (1971); *State v. Baril,* 127 Vt. 394, 399, 250 A.2d 732 (1969).

Since it is the duty of both the court and counsel to conduct the trial with complete fairness, we have referred to the record and have examined the claim of prejudice under the doctrine set forth in *State v. Baril, supra,* 127 Vt. at 399. The remark of the State's Attorney might well have been left unsaid; but in any event it was not prejudicial when viewed in

the light of the record presented to us, including the proper charge of the court upon the credibility of an accomplice and its charge relating to arguments of counsel. A claim of prejudice must be affirmatively shown by the respondent. *State v. Morrill,* 127 Vt. 506, 513, 253 A.2d 142 (1969); *State v. Truman,* 124 Vt. 285, 293, 204 A.2d 93 (1964).

*Judgment in Docket No. 4959 is affirmed. Judgment in Docket No. 4960 is affirmed.*