### Elisha Camp v. Elwood Howe, Leslie C. Howe, Marion W. Howe

[321 A.2d 71]

No. 59-73

Present: Barney, C.J., Smith, Keyser, Daley, and Larrow, JJ.

Opinion Filed June 4, 1974

*Hoff, Curtis, Bryan, Quinn & Jenkins,* Burlington, for Plaintiff.

*David F. Buckley, Esq.,* Bellows Falls, for Defendants.

**Keyser, J.** This is a civil action brought on October 21, 1969, against three minors to recover damages resulting from the unlawful taking and negligent operation of plaintiff's automobile. The parents of said minors were also made defendants to the action.

Just before the case was to be heard by the court on May 19, 1972, settlement was negotiated by two of the minors and their parents. This left Elwood Howe and his parents as the remaining defendants. Hearing proceeded with findings of fact made by the court. Judgment was entered thereon against Elwood Howe for a total of $687.42 and against the parents for $250.00 to be credited on the total judgment. The defendants appealed and cite the following issues:

(1) Was the juvenile record erroneously admitted.

(2) Whether the judge who sat on the juvenile case should have disqualified himself from hearing the civil case.

(3) Was the denial of appellant's motion for a new trial error.

(4) Is 15 V.S.A. § 901 rendering parents liable for a minor's willful property damage unconstitutional.

Plaintiff apparently included the defendant's parents as defendants under the authority of 15 V.S.A. § 901. This section provides in part that when an unemancipated minor under the age of seventeen years wilfully or maliciously causes damage to any property, or injury to a person, either of his parents shall be liable to the owner of such property or person injured, in an action on the statute, in an amount not to exceed $250.00.

The writ alleges that on June 1, 1968, the three principal defendants were then minors; that they unlawfully took, possessed and stole plaintiff's automobile; that while it was in said three defendants' possession the vehicle left the highway and was damaged due to the negligence of the operator; and that the three acted together and their actions were the proximate cause of said damage. By amendment filed May 19, 1972, plaintiff alleged the acts of the three minors were wilful and malicious and raised the *ad damnum* from $1,500.00 to $3,000.00.

The day following the incident a Trooper of the State Police conducted an in custody interrogation of the defendant,

then 16 years old. The officer wrote out a statement which the defendant signed. His parents also signed it as witnesses. The (former) officer testified at the trial of this case relative to taking the statement and, under objection, was permitted to read it into the record. The only other testimony was from the plaintiff on the matter of damages.

The body of the statement, Plaintiff's Exhibit 1, is in the following words:

> At about 5:30 PM on June 1, 1968 while standing on Main Street by the I.G.A. store, Billy Rogenski walked up to me and asked if I wanted a ride into town. I told him yes and then we went up to Mr. Camp's house. Billy went through the garage window and I stayed outside. Billy opened the door and drove the car out. After the car was outside Billy disconnected the speedometer and then closed the door again with the remote control. After we left Billy drove me to the Dairy Joy in Bellows Falls. This is the last time I saw him this evening.

The court stated in its findings:

> Defendant made an oral motion to quash any evidence and to forbid the introduction of a statement on the grounds that Defendant was a juvenile at the time of the incident in 1968. However, it is noted that Defendant was 16 years old, and although the Court records show that he was handled as a juvenile in the subsequent criminal proceedings, he was not by definition a juvenile at the time of the offense. Furthermore, although Defendant was a minor at the time of giving his statement, his parents were present and their signatures are shown as witnesses to the written statement given to the Vermont State Police on June 2, 1968.

It is clear from the record that criminal action was brought against the minor, and the case was transferred to the juvenile court for disposition as authorized by 33 V.S.A. § 635(b). The district judge who presided in the case at bar also presided in the juvenile court proceedings.

The defendant objected to the admission of Plaintiff's Exhibit 1. One ground was that defendant was a minor at the time of giving the statement. Before the hearing the defendant requested a jury trial or a hearing by court by another dis-

trict judge. It was argued that defendant would be prejudiced by the same judge hearing the civil case since he would have been given facts and information in the juvenile proceedings to prejudge the civil case. The court denied both motions.

It is quite apparent that Plaintiff's Exhibit 1 was part of the records in the juvenile hearing whereby the defendants were adjudged delinquents, or came out of the law enforcement files. In either instance, the introduction of the exhibit into evidence was governed by 33 V.S.A. § 662(e) or 33 V.S.A. § 663.

Section 662(e) provides:

> The disposition of a child and evidence given in a hearing in juvenile court shall not be admissible as evidence against him in any case or proceeding in any other court except after conviction of a felony in proceedings to determine his sentence.

Section 663(a) with exceptions noted in subsections (b) and (c), not applicable here, reads:

> (a) Law enforcement reports and files concerning a minor subject to the jurisdiction of the juvenile court shall be maintained separate from the records and files of arrests of adults. Unless a charge of delinquency is transferred for criminal prosecution under this act or the court otherwise orders in the interests of the child, such records and files shall not be open to public inspection nor their contents disclosed to the public by any person.

It is abundantly clear that the district judge was aware he had before him a minor defendant who was sued upon the very subject matter that involved the defendant in the juvenile proceedings over which he had presided. While the defendant did not object to the admission of Plaintiff's Exhibit 1 on the identical ground argued in his brief, the fact is that he did object to its admission. The record is sufficient to demonstrate that the district judge should have been on notice himself as to the circumstances and the applicable law.

Furthermore, in his request to find, the defendant cited the two statutes *supra*, §§ 662(e) and 663. But more than this, the defendant filed a motion for a new trial one ground being

that privileged information was introduced in court contrary to 33 V.S.A. § 662(e) which prejudiced the defendant. The motion was denied.

The question is whether the issue is for our consideration. "[T]his Court has held that the test is whether or not the trial court has been so alerted to the claimed error that it had a fair opportunity to correct itself if it chose." *Dodge v. McArthur,* 126 Vt. 81, 83, 223 A.2d 453 (1966). The record appears to justify an interpretation that the court below was so knowingly at odds with the complaining party's position that an objection would have been a superfluity.

*In re Russell,* 126 Vt. 240, 242, 243, 227 A.2d 289 (1966), held that the convicting court, being aware of the respondent's mental disability, was required to make findings as to respondent's ability to comprehend the nature of the proceedings against him and participate rationally in the decisions relating to his own defense. This requirement, we said, is part of the larger, due process concept of a fair trial.

In *State v. Rushford,* 130 Vt. 504, 296 A.2d 472 (1972), respondent-appellant claimed the state's argument was prejudicial but he had not objected to it at the trial. We said at p. 508—"Since it is the duty of the court and counsel to conduct the trial with complete fairness, we have referred to the record and have examined the claim of prejudice under the doctrine set forth in *State v. Baril, supra,* 127 Vt. at 399."

The Legislature in enacting §§ 662(e) and 663(a) expressed a strong public policy relating to the records of any criminal activity of juveniles. The statutes protect the confidentiality of the records in such juvenile cases. In the situation presented to the trier, it was his manifest duty, combined with the strong public policy involved, to have protected the confidentiality of defendant's juvenile records by excluding Plaintiff's Exhibit No. 1. This action was essential to the provisions of a fair trial.

The result reached renders it unnecessary to consider the other errors assigned in this appeal. Further, since the appellant appears not to have briefed issues (2) and (3) and issue (4) is inadequately briefed, they are not for our consideration.

434

We hold that the court erred in admitting Plaintiff's Exhibit 1 without which in the record the findings and judgments are unsupportable.

*Judgments are reversed and cause remanded.*