### State of Vermont v. John H. Killary

[349 A.2d 216]

No. 222-74

Present: Barney, C.J., Smith, Daley, Larrow and Billings, JJ.

Opinion Filed December 2, 1975

*Francis X. Murray,* Chittenden County State's Attorney, Burlington, for State.

*Robert Edward West,* Defender General and *Charles S. Martin,* Appellate Defender, Montpelier, for Defendant.

**Billings, J.** John Killary was convicted of first-degree murder after trial in the Chittenden Superior Court and was sentenced to life imprisonment, from which conviction and sentence he now appeals. 13 V.S.A. § 7401; V.R.A.P. 3(b). Prior to trial the defendant's motion to suppress certain statements made to an undercover narcotics agent while defendant was in custody in New Mexico was denied. These statements were made after the defendant had indicated to the authorities that he did not wish to talk anymore and subsequent to the time the defendant had been advised of his right to remain silent. *Miranda* v. *Arizona,* 384 U.S. 436 (1966). At trial these statements were admitted into evidence over defendant's objection.

During the time the defendant was held in custody in New Mexico awaiting the arrival of the Vermont authorities, the defendant initiated a conversation with another cellmate, and stated that he had shot his wife, that he was going to kill the

officers holding him on his return trip to Vermont, or else slice his wrists and plead insanity. The other inmate was a paid, undercover narcotics informer working for the local New Mexico police, who had been placed in jail in order to "protect his cover", relating to his narcotics work. The defendant does not object to his admission as to the murder, since he had already voluntarily admitted that fact to the interrogating police officers after receiving the "Miranda warnings" and prior to his refusal to talk further. However, the defendant claims that the statements violated his constitutional right against self-incrimination relative to the defense of insanity.

■■ Custodial interrogation initiated by law enforcement personnel is violative of one's constitutional privilege against self-incrimination, under the Fifth and Fourteenth Amendments of the United States Constitution, and Ch. I, Art. 10, of the Vermont Constitution, unless the prosecution clearly demonstrates that one has voluntarily and intelligently waived the right and that the prosecution has followed certain safeguards in questioning the accused. *Miranda* v. *Arizona, supra.* However, any statement given spontaneously and voluntarily without any compelling influences is admissible into evidence, even if given to an undercover agent, as long as the agent was not "planted" for the sole purpose of investigating the accused. *United States ex rel. Milani* v. *Pate,* 425 F.2d 6 (7th Cir. 1970); *United States* v. *Mitchell,* 417 F.2d 1246 (7th Cir. 1969); *United States* v. *Fioravanti,* 412 F.2d 407 (3d Cir. 1969) ; *United States* v. *Garcia,* 377 F.2d 321 (2d Cir. 1967).

The defendant's dialogue with the narcotics informer, who had no knowledge of the defendant or his alleged acts, was of the casual gratuitous type, spontaneously and voluntarily initiated by the defendant, with the claimed error being the unresponsive part of the conversation. The defendant's statements did not result from "custodial interrogation", *Miranda* v. *Arizona, supra,* 384 U.S. at 444, but were volunteered to a part-time local narcotics informer who, under the facts here, was not a law enforcement officer. The defendant's statements were admissible and, as a consequence, no error appears in the trial court's ruling.

■ The defendant also claims error in the fact that the jury deliberated less than forty-seven minutes in reaching their verdict. Where the trial court record shows strong evidence of guilt, a lack of complex legal issues, and a proper charge by the court, no error can be shown in the shortness of time taken by the jury in arriving at their verdict, *State* v. *Arbeitman*, 131 Vt. 596, 600, 313 A.2d 17 (1973), since the law does not prescribe a mandatory minimum length of time a jury must deliberate. We have found no criminal case in which the time element alone amounts to reversible error. *State* v. *Morrill*, 127 Vt. 506, 253 A.2d 142 (1969). In this case, the evidence was overwhelming in support of the verdict, the issues were devoid of complexity, and the trial court's charge was full, explicit, and complete.

■ The defendant further claims that the indictment was void in view of the fact that the foreman of the grand jury circled the words, "True bill", and did not obliterate the words, "This bill is not found". The standard to be applied as stated in *State* v. *Rushford*, 130 Vt. 504, 296 A.2d 472 (1972), is that if the intent of the grand jury was manifestly clear, the returned indictments must stand. Furthermore, as long as a respondent is no way prejudiced or his substantial rights affected, an indictment will not be voided on technical or formal defect. Under V.R.Cr.P. 6(c), a record of the number of the grand jurors concurring in the indictment shall be filed with the clerk of the court, and in addition, under V.R.Cr.P. 7(b), the indictment shall be countersigned by the State's Attorney, and absent any showing to the contrary, we presume that the rule was explicitly followed. No error appears affecting defendant's right in the form of indictment returned.

*Judgment affirmed.*