403 So.2d 871 (1981)
George G. MANSELL, Jr.
v.
STATE of Mississippi.
No. 52807.
Supreme Court of Mississippi.
September 23, 1981.
*872 James E. Smith, Smith, McLemore & Smith, Carthage, for appellant.
Bill Allain, Atty. Gen. by Frankie Walton White, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROBERTSON, P.J., and WALKER and LEE, JJ.
LEE, Justice, for the Court:
George G. Mansell, Jr., was convicted in the Circuit Court of Madison County, Honorable Alfred G. Nicols, Jr., presiding, for aggravated assault on a law enforcement officer and was sentenced to serve thirty years in the Mississippi Department of Corrections. Mansell has appealed here and assigns four errors in the trial below.

I.
Did the trial court err in permitting introduction in evidence of an oral statement by appellant to a trusty, over objection, when appellant was not advised of his Fifth Amendment rights against self-incrimination at a time when appellant was in custody and had been in custody for a period in excess of fifteen months?
On the night of March 8, 1979, Deputy Sheriff William L. Wadford responded to a call from a local night spot east of Canton. While inside the building, he was informed that a man had taken something from his automobile. The deputy obtained a description of the individual and the car he was driving and the deputy and a companion started in pursuit of that vehicle. The deputy radioed Highway Patrolman Larry Greer, who was several miles away on the same highway, for assistance and Patrolman Greer set up a roadblock.
Deputy Sheriff Wadford overtook the automobile and pulled it over to the side of the highway. He got out of his car and approached the other vehicle and, when he came alongside of it, the driver shot the deputy three times in the chest, fatally wounding him. The car sped away and after traveling approximately two miles, it came to the roadblock set up by Patrolman Greer. The patrolman approached the appellant, who shot him twice and sped away. Appellant was arrested about 2:00 a.m. at a gas station near Carthage, Mississippi. The present case arises from the prosecution and conviction of appellant for an aggravated assault on Patrolman Greer.
John Steed, who had been convicted of murder and sentenced to life imprisonment, was placed in the cell with appellant and occupied that cell from April 2, 1979, until appellant's trial on September 17, 1980. At the trial, Steed testified, over objection, that appellant told him he had tried to kill the patrolman with one shot by firing at his head, but that he missed him. Steed further testified that appellant told him he was going to "get off" on this charge of aggravated assault on a law enforcement officer as he had done on the prior charge for capital murder. Steed stated that he had never spoken to the prosecutor about the case before the trial, that he did not question the appellant about the incident, that he did not promise the appellant he would do anything for him if he would tell what had happened, and that the prosecution had not made any promises to him for testifying in the case.
The appellant contends that the statements were inadmissible because Steed was an agent of the law enforcement officials at the time the statements were made and that Steed had been employed by them to use subtle techniques of persuasion to obtain the incriminating statements from appellant, in violation of his Miranda rights. In Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), the Court said:
Our holding will be spelled out with some specificity in the pages which follow but briefly stated it is this: the prosecution may not use statements, whether *873 exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination. By custodial interrogation, we mean questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way.
(384 U.S. at 444, 86 S.Ct. at 1612, 16 L.Ed.2d at 706)
And:
In dealing with statements obtained through interrogation, we do not purport to find all confessions inadmissible. Confessions remain a proper element in law enforcement. Any statement given freely and voluntarily without any compelling influences is, of course, admissible in evidence. The fundamental import of the privilege while an individual is in custody is not whether he is allowed to talk to the police without the benefit of warnings and counsel, but whether he can be interrogated. There is no requirement that police stop a person who enters a police station and states that he wishes to confess to a crime, or a person who calls the police to offer a confession or any other statement he desires to make. Volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by our holding today.
(384 U.S. at 478, 86 S.Ct. at 1630, 16 L.Ed.2d at 726)
The evidence is uncontradicted that appellant was in custody at the time he made the incriminating statements to Steed, but there is no evidence to support the argument that Steed interrogated the appellant when the incriminating statements were made or that Steed acted as the agent of the law enforcement officials at the time they were made, or was planted in the cell by them for the purpose of hearing incriminating statements.
In McElroy v. State, 204 So.2d 463 (Miss. 1967), the defendant sought to exclude a statement made by him in his jail cell to the owner of stolen cattle where McElroy told him that he stole the cattle. The lower court refused defendant's request to conduct a preliminary examination of the witnesses outside the presence of the jury to determine the voluntariness of the statement and the Court reversed for that reason.
In Glass v. State, 278 So.2d 384 (Miss. 1973), the defendant was mowing grass on the yard of the courthouse when the widow of the homicide victim spoke to him and Glass made incriminating statements about the homicide. The Court held that the statements were not the result of custodial interrogation and were free and voluntary statements admissible at the trial.
In Brown v. State, 293 So.2d 425 (Miss. 1974), the defendant was incarcerated and the mother of the homicide victim went to the jail for the purpose of finding out about her daughter's death. She asked Brown if he killed her daughter and he replied: "Mrs. Gainey, you won't believe it, it was an accident." The sheriff, though not in the immediate presence of the prisoner, was nearby and had taken Mrs. Gainey to the defendant's cell. In holding that the statement did not result from custodial interrogation, this Court said:
The trial court conducted a preliminary inquiry out of the presence of the jury and the proof established that the statements made by appellant to Mrs. Gainey were free and voluntary. It was also established that the conversation was not instigated by anyone connected with any law enforcement agency. Mrs. Gainey wanted to find out why appellant had killed her daughter. Although appellant was in jail at the time this confrontation occurred, it did not amount to custodial interrogation within the meaning of the rule announced in Miranda v. Arizona, supra. Glass v. State, 278 So.2d 384 (Miss. 1973); and McElroy v. State, 204 So.2d 463 (Miss. 1967). The trial court correctly held that this testimony was admissible.
(293 So.2d at 428)
*874 Many jurisdictions have held that incriminating statements made to a fellow cellmate, who is not an agent of law enforcement officials or acting at their direction by prior arrangement, are admissible at trial even though Miranda warnings were not given beforehand. State v. Kurtz, 564 S.W.2d 856 (Mo. 1978); State v. Killary, 133 Vt. 604, 349 A.2d 216 (1975); Bedingfield v. State, 47 Ala.App. 677, 260 So.2d 408 (1972).
Although Steed was a trusty or floorwalker, that fact does not make him an agent of the officers for purposes of a Miranda violation. We think the reasoning in Holston v. State, 208 So.2d 98 (Fla. 1968), where defendant confided in a fellow inmate, who was also a trusty, is sound. The Florida Court said:
The appellant now challenges all the statements. He maintains that the one given the trusty was improper because it was obtained while he was in custody by an agent of the Broward County Sheriff's Department, hence introduction of it was improper under the decision of the Supreme Court of the United States in Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed. 694 (1966). But the position is unsound because the premise is faulty. Thomas was not a law enforcement officer. He was merely a fellow-convict with special privileges, and his connection with the case could not properly be described as conduct of custodial interrogation.
(208 So.2d at 100)
The United States Supreme Court said in Rhode Island v. Innis, 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980):
It is clear therefore that the special procedural safeguards outlined in Miranda are required not where a suspect is simply taken into custody, but rather where a suspect in custody is subjected to interrogation. "Interrogation," as conceptualized in the Miranda opinion, must reflect a measure of compulsion above and beyond that inherent in custody itself.
(446 U.S. at 300, 100 S.Ct. at 1689, 64 L.Ed.2d at 307)
We are of the opinion that there is no merit in this assignment.

II.
Did the trial court err in allowing the oral statement given by appellant to his cellmate to be admitted into evidence in violation of the hearsay rule?
The appellant argues that the admission of the incriminating statements to Steed violated the hearsay evidence rule. However, the trial judge admitted the statements as admissions against interest which has been long recognized as proper. Dycus v. State, 396 So.2d 23, 28 (Miss. 1981).

III.
Did the trial judge err in failing to take into account mitigating circumstances when he sentenced the appellant?
The maximum sentence for aggravated assault upon a law enforcement officer is a term of thirty years imprisonment and $5000 fine. The lower court imposed a sentence of thirty years in prison. The appellant contends that the judge erred in failing to take into account mitigating circumstances when he sentenced the appellant and that the sentence is tantamount to cruel and unusual punishment. This Court has held many times that the imposition of sentence is within the sound discretion of the trial court and the sentence will be upheld, if it is within statutory limits. Yazzie v. State, 366 So.2d 240 (Miss. 1979); Ainsworth v. State, 304 So.2d 656 (Miss. 1975).

IV.
Did the trial court err in failing to give the appellant credit for the time that he served in the Madison County Jail awaiting trial?
The appellant last contends that the trial court erred in not giving him credit for the time served in jail. Appellant was in the Madison County Jail for a period in excess of fifteen months.
Mississippi Code Annotated section 99-19-23 (1972) provides:

*875 The number of days spent by a prisoner in incarceration in any municipal or county jail while awaiting trial on a criminal charge, or awaiting an appeal to a higher court upon conviction, shall be applied on any sentence rendered by a court of law or on any sentence finally set after all avenues of appeal are exhausted.
It is apparent that the appellant will receive credit for time served in jail pursuant to the above-mentioned statute, and the assignment is without merit.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and HAWKINS, JJ., concur.