## In re J. R. and M. W. R., Juveniles

[499 A.2d 1155]

No. 83-409

Present: **Allen, C.J., Hill, Underwood, Peck and Gibson, JJ.**

Opinion Filed July 26, 1985

*Anthony B. Lamb* of *Paul, Frank & Collins, Inc.*, Burlington, for Plaintiff-Appellant.

*Nancy E. Kaufman*, Montpelier, for Defendants-Appellees.

**Underwood, J.** The appellant, Susan R. Via, Esq., formerly deputy state's attorney for Chittenden County, accompanied by a Vermont state trooper, went to the home of appellee, C. R., mother of the juveniles J. R. and M. W. R., to investigate an allegation that C. R.'s husband had sexually abused one of her children. As a result of this investigation, which included conversations with the children and their mother, Via and the state trooper took the two children into custody.

Subsequently, juvenile proceedings were conducted by the District Court of Vermont, Unit No. 2, Chittenden Circuit, in cases entitled: *In re J. R.* (Docket No. 202-10-81CnJ) and *In re M. W. R.* (Docket No. 203-10-81CnJ), to determine if they were children in need of care and supervision. Thereafter, C. R. brought an action pursuant to 42 U.S.C. § 1983 in the United States District Court for the District of Vermont against Via and the state trooper, in which she sought damages for alleged violations of her civil rights. She sought additional damages for assault and intentional infliction of emotional distress. After the § 1983 action was initiated, Via petitioned the District Court of Vermont, Unit No. 2, Chittenden Circuit (Juvenile Division), to release the transcripts of the hearings and proceedings in the juvenile cases of *In re J. R.* and *In re M. W. R.* for use by her in defense of the lawsuit brought against her in federal court by C. R. After a hearing on Via's petition, the juvenile court and

counsel for Via were in accord that *In re J. S.*, 140 Vt. 458, 438 A.2d 1125 (1981), was dispositive of the petition. Thus the juvenile court, relying upon *In re J. S., supra*, 140 Vt. at 469, 438 A.2d at 1129, and on Vermont's juvenile shield law, 33 V.S.A. § 651, denied the petition. Via brought a timely appeal to this Court.

On appeal, Via contends that the denial of her petition for release of the transcripts violated rights guaranteed to her under the Fourteenth Amendment to the United States Constitution, namely, equal protection under the laws and due process of law; and under the Sixth Amendment to the United States Constitution, namely, the right of confrontation. She further contends that the denial of her petition is at odds with her means of access to juvenile records, as established in 33 V.S.A. § 663.

The appellee, C. R., concurs in the denial of Via's petition but questions whether Via has standing to bring such a petition to the juvenile court in the first place and whether the juvenile court was authorized to hear it.

Because we agree that the juvenile court's ruling was correct, we affirm.

I.

■ The appellant argues that she has a constitutional right of access to the transcripts of the juvenile proceedings in *In re J. R.* and in *In re M. W. R.* to assist her in preparing a defense to a civil action in the United States District Court. The pertinent provision of Vermont's juvenile shield law applicable to this situation provides: "There shall be no publicity given by any person to any proceedings under the authority of this chapter except with the consent of the child and his parent or guardian." 33 V.S.A. § 651(d). Neither of the children nor their mother has consented to the release of the record of the juvenile proceedings.

We have previously held, when interpreting our juvenile shield law and its provisions for confidentiality, that "[n]o provision is made in . . . § 651(d) to give the judge discretion to permit public dissemination of these proceedings." *In re J. S., supra*, 140 Vt. at 469, 438 A.2d at 1130.

At this point in the case at hand, the compelling interest of the State in maintaining the confidentiality of a juvenile's record overrides any compelling need to the contrary that Via was able

to demonstrate to the juvenile court. She has not shown any particularized need for the material or an inability to obtain this information through nonprivileged sources. Although she alleges that C. R. has the transcripts in her possession because she was a party to the juvenile proceedings, Via fails to show that she has requested the material she alleges is in the possession of C. R. and been denied a right of discovery to same by the federal court, under F.R.C.P. 26.

Via alleges in her petition that C. R. has filed for a protective order in federal court to prohibit Via from deposing J. R., yet she has not specifically indicated that such request was granted by the federal court. Thus Via has failed to show that she has exhausted all other avenues of relief. Until she has done so, we are unable to determine whether there has been any violation of her equal protection or due process rights.

 Via claims that her inability to obtain copies of the transcripts of the proceedings in the juvenile cases constitutes a violation of her right to confrontation under the Sixth Amendment to the United States Constitution. The Sixth Amendment applies to criminal proceedings and is inapplicable in the present case. See, e.g., *State* v. *Morse*, 126 Vt. 314, 319, 229 A.2d 232, 236 (1967).

## II.

Appellant's reliance on 33 V.S.A. § 663 is misplaced. She can obtain no support here for her contention that the juvenile shield provisions of 33 V.S.A. § 663 apply only to a transcript of delinquency proceedings and do not apply to proceedings to determine whether a child is in need of care and supervision. She argues that the plain meaning of our juvenile statutes, together with the legislature's avowed public policy to protect only the criminal record of the juvenile, works in her favor. She cites *In re J. S.*, *supra*, and *Camp* v. *Howe*, 132 Vt. 429, 321 A.2d 71 (1974), in further support of her position.

· It is true that each of those cases addresses the confidentiality provisions of the statute (33 V.S.A. § 651) and applies them to delinquency proceedings. Via, however, has cited no authority in opposition to applying the same rationale of *J. S.* and *Howe* to juvenile proceedings to determine whether a child is in need of care and supervision. The confidentiality provisions of Chapter 12, Title 33, do not by their terms restrict their application to

delinquency proceedings. These same requirements of confidentiality can be found in other sections of our juvenile law: in 33 V.S.A. § 643(e), which provides for the sealing of all records relating to any withdrawn petition; 33 V.S.A. § 651(c) and (d), which prohibit the dissemination of information concerning juvenile proceedings; 33 V.S.A. § 655(c), which provides for the sealing of all files and documents if the court dismisses the proceedings after the disposition hearing; 33 V.S.A. § 663(a), which provides for maintenance of juvenile records separate and apart from adult records; and 33 V.S.A. § 665, which permits a child who has been adjudicated either a delinquent or in need of care and supervision to apply to the court to seal all files and records applicable to the proceedings. Via has cited no authority for her proposition that the confidentiality provisions of the statute apply only to cases of delinquency.

██ Notwithstanding Via's contention, our reading of 33 V.S.A. § 663 plainly indicates to us that the confidentiality exception contained therein permits only (1) a juvenile court itself, (2) officers of the institution or agency to whom the delinquent child is committed, (3) the criminal court in which the child is convicted of a criminal offense, and (4) state's attorneys and all other law enforcement officers, or the victim of the delinquent act which would have been a felony if committed by an adult, to examine the files and records of a juvenile for specified purposes. Clearly, the appellant does not fall within any of these categories.

*Affirmed.*